# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3385

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Eastern District of Arkansas. |
| Anthony Gene Mays, | * |
| | *   [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: April 29, 2011
Filed: May 4, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Anthony Gene Mays was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); attempting to kill a federal law enforcement officer, in violation of 18 U.S.C. §§ 1111 and 1114; and carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The district court[1] denied his motion to suppress identification evidence and, after a jury found him guilty on all three counts, sentenced Mays to a total of 480 months in prison and 5 years of supervised release. He appeals. His

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court erred in denying the suppression motion and in overruling Mays's objection under <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).

We find no error in the denial of the motion to suppress because we agree with the district court that the government's evidence at the suppression hearing showed that the photographic lineups used to obtain the identifications were not impermissibly suggestive and that the identifications were reliable. <u>See</u> <u>United States v. Jones</u>, 535 F.3d 886, 889-91 (8th Cir. 2008). Further, the district court did not clearly err in finding that the government's reasons for striking two venire persons were legitimate and nondiscriminatory, and therefore the <u>Batson</u> challenge fails. <u>See</u> <u>United States v. Blaylock</u>, 421 F.3d 758, 769-70 (8th Cir. 2005).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____